IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BECKY L. MORRIS | : | |
| Plaintiff, | : | |
| | : | Case No. 2:18-CV-374 |
| v. | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | MAGISTRATE JUDGE JOLSON |
| | : | |
| Defendant. | : | |

## ORDER

This matter comes before the Court on Magistrate Judge's December 10, 2018, **Report and Recommendation** (ECF No. 5), which recommended that Plaintiff's Statement of Errors be **OVERRULED** and that the decision of the Commissioner be **AFFIRMED**. This Court hereby **ADOPTS** the Report and Recommendation in its entirety after consideration of the analysis therein.

### I. BACKGROUND

Plaintiff applied for disability insurance benefits on September 24, 2014, alleging disability since June 20, 2014. (ECF No. 15 at 1). Her application was initially denied, and then denied again on reconsideration. (*Id.*). Following a hearing, an Administrative Law Judge ("ALJ") issued a decision, concluding that Plaintiff was not disabled under the meaning of the Social Security Act. (*Id.*). The Appeals Council denied Plaintiff's request for review, making final the ALJ's decision for purposes of judicial review. (*Id.*).

### II. STANDARD OF REVIEW

Disability claims are evaluated by the ALJ pursuant to a five-step sequential analysis. *See* 20 C.F.R. § 404.1520; s*ee also Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 528-29 (6th Cir. 1997). Where the Appeals Council denies review, as it did here, the ALJ's decision represents the final decision of the Commissioner. 42 U.S.C. § 405(g). The Social Security Act grants this Court

authority to review a final decision of the Commissioner. *Id.* When the Commissioner's factual findings are supported by substantial evidence in the record, courts must affirm them. *Id.* Substantial evidence is defined as "more than a mere scintilla but less than a preponderance, [meaning] such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

Furthermore, the ALJ's decision is not subject to reversal simply because the evidence could also support another conclusion. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). Deference is given to the decision of the ALJ and "we must defer to an [ALJ's] decision even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Wright v. Massanari*, 321 F.3d 611, 614-15 (6th Cir. 2003). The role of this review is not to "resolve conflicting evidence in the record or to examine the credibility of claimant's testimony," but instead to focus on "whether substantial evidence supports the Commissioner's decision." *Id.*

### III. LAW & ANALYSIS

Plaintiff's sole objection concerns her physical impairments, claiming that the ALJ failed to provide good reason regarding how he determined the weight of the opinions of Dr. Short, Plaintiff's treating physician. The ALJ correctly assessed the evidence in the record and reasonably determined that the opinions of Dr. Short were not entitled to controlling or deferential weight. (ECF No. 15 at 10). This Court affirms the ALJ's decision as Plaintiff's arguments to the contrary are unavailing, the Commissioner applied the correct legal standards, and the findings of fact were supported by substantial evidence in the record.

A treating physician's opinion is entitled to controlling weight only if it is well supported by clinical and laboratory findings and is not inconsistent with the other substantial evidence of record. *See* 20 C.F.R. § 404.1527(c)(2); *see also* SSR 96-2p; *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 652 (6th Cir. 2006). Although Dr. Short's records show diagnoses of back problems, there were no

examination findings or other evidence in his treatment notes to support his opinions that Plaintiff would be essentially bedridden. (ECF No. 15 at 12). *See Young v. Sec'y of HHS*, 925 F.2d 146, 151 (6th Cir. 1990) (diagnosis of an impairment does not lend support to a finding of disability). This fact is essential because Dr. Short primarily treated Plaintiff's mental impairments—anxiety, depression, and stress—but not her physical ones. Although Dr. Short was in contact with Plaintiff's primary pain management specialist, the record still did not document physical examination findings or other evidence from the pain management specialist supporting the extreme limitations enacted by Dr. Short. Dr. Short's own records did not support the extreme limitations he enacted and any dispositive information supplied by Plaintiff's pain management specialist was not present in Dr. Short's record. Therefore, the ALJ's decision to not grant controlling weight to Dr. Short's opinion is supported by substantial evidence in the record.

The record also shows that Dr. Short merely refilled Plaintiff's pain medication but it does not appear that he ever actually treated Plaintiff's back condition(s). This suggests Dr. Short's opinions of Plaintiff's limitations were based on her subjective complaints more than objective findings. (ECF No. 15 at 13). *See Keeler v. Comm'r of Soc. Sec.*, 511 F. App'x 472, 473 (6th Cir. 2013) (supporting an ALJ's decision to give little weight to a medical opinion when that opinion relied too heavily on subjective complaints); *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x. 149, 156 (6th Cir. 2009) (explaining that there was substantial evidence to support the ALJ's determination that "the opinion [the] treating physician, was not entitled to deference because it was based on [claimant's] subjective complaints, rather than objective medical data."). Likewise, the noted reasons for Plaintiff's visits to Dr. Short included: tearful depression, stress and depression, a progress report on medications for anxiety and depression, and "to talk about depression." (ECF No. 15 at 11). With respect to her back condition, these notes only reference that Plaintiff continues to follow up with pain specialist, Dr. Parikh, and the injections she received from him.

In response, Plaintiff argues that if Dr. Short truly was only treating her mental health conditions, he would not have the necessary notes or examination documents to prove the need for the extreme limitations he enacted. She also claims that Dr. Short functions as more of a supervisory physician and is still an internal medical doctor, capable of making a diagnosis from the information known to him. While these are valid arguments, they do not outweigh the evidence on the record. The ALJ's decision is supported by substantial evidence on the record and not subject to reversal even if reasonable minds could reach a different conclusion.

Additionally, the ALJ reasonably concluded that the evidence did not support Dr. Short's finding of disability. This was due in part to the fact that Plaintiff had benefitted from pain relief interventions and medication with no significant side effects. (ECF No. 15 at 10). The mere fact that Plaintiff was undergoing treatment consistent with someone who experiences significant pain does not mean that Plaintiff was disabled. *See Young v. Sec'y of HHS*, 925 F.2d 146, 151 (6th Cir. 1990) (noting that diagnosis of an impairment does not lend support to a finding of disability). Although the precise extent of Plaintiff's improvements is unknown, Plaintiff's noted impairments are still inconsistent with a finding of disability. Following certain treatments like facet injections, radio frequency, ablation, and nerve blocks, Plaintiff herself noted considerable improvement in her pain levels. (ECF No. 15 at 10). Spinal injections likewise improved her back condition and did not create significant side effects in combination with her other medications. Plaintiff also remained neurologically intact, with normal strength and no reflex, motor, or sensory deficits. (*Id.*). Similarly, the state agency reviewing the physician's opinions did not support a finding of total disability. (ECF No. 15 at 7).

Accordingly, the ALJ's decision was supported by substantial evidence and contained good reasons for not granting controlling weight to the opinions of Dr. Short, and his reasoning should not be disturbed. *See Bledsoe v. Barnhart*, No. 04-4531, 2006 WL 229795, at *4 (6th Cir. Jan. 3, 2006). (finding that the ALJ's reason to not credit the treating physician's opinion because his "conclusions

4

were not well supported by the overall evidence of record and were inconsistent with the other medical evidence of record" met the standard for an adequate explanation).

The ALJ properly weighed the medical evidence and opinions in the record and was justified in not granting controlling weight to Dr. Short's opinions. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir.1999) (noting that "[e]ven if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached."). The conclusion of the ALJ should be highly regarded because "[d]iscretion is vested in the ALJ to weigh all the evidence," and such discretion was not abused in this instance, even where the evidence could possibly support a contrary result. *Collins v. Comm'r of Soc. Sec.*, 357 F. App'x 663, 668 (6th Cir. 2009). Therefore, this Court affirms the ALJ's decision because it was reached using proper legal standards and supported by substantial evidence on the record such that a reasonable mind would accept as adequate to support the foregoing conclusion. *Wright v. Massanari*, 321 F.3d 611, 614-615 (6th Cir. 2003).

## IV. CONCLUSION

For the reasons stated, Plaintiff's Statement of Errors is **OVERRULED**. The Magistrate Judge's Report and Recommendation is **AFFIRMED**, and judgment is to be entered in favor of the Defendant. This action is hereby **DISMISSED**.

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: June 3, 2019**